UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ASHKAN MIRFAKHR RAJAEE and NASSIM RAJAEE,<br>Debtors. | Case No.: 26-cv-4936-RSH-GC<br>Bankruptcy Case No.: 24-00617-CL7<br>Adversary Case No.: 26-90003-CL |
| ASHKAN RAJAEE,<br>Appellant,<br>v.<br>CHRISTOPHER R. BARCLAY, JESSE S. FINLAYSON, and FINALYSON TOFFER ROOSEVELT & LILLY LLP, a California Limited Liability Partnership,<br>Appellees. | **ORDER DIRECTING COUNSEL TO PROVIDE INFORMATION REGARDING E-FILINGS MADE IN COUNSEL'S NAME** |

This matter was initiated by the filing of a notice of appeal on August 11, 2026, on behalf of Debtor-Plaintiff-Appellant Ashkan Rajaee, through his counsel, Daryoush Shahrouzi. ECF No. 1. The underlying case is *In re Ashkan Rajaee & Nassim Rajaee*, No. 3:24-bk-00617-CL7 (S.D. Cal. Bankr.) (the "Bankruptcy Case"). The appeal is taken from an adversary proceeding in the Bankruptcy Case, *Ashkan Rajaee v. Christopher Barclay et al.*, No. 26-9003-CL (the "Adversary Proceeding"), that Rajaee filed on January 6, 2026 against the Chapter 7 Trustee and the Trustee's lawyers in the Bankruptcy Case. *See* Case

No. 26-90003-CL, Dkt. No. 1 (complaint). On July 28, 2026, the Bankruptcy Court granted the Defendants' motion to dismiss with prejudice. *See* Case No. 26-90003-CL, Dkt. No. 43.

**I. BACKGROUND**

Attorney Shahrouzi has represented Ashkan Rajaee, Ashkan's Rajaee's wife and co-debtor Nassim Rajaee, and/or Ashkan Rajaee's corporation Mobile Monster, Inc., in numerous related cases pending before this Court:

(1) Case No. 26-cv-80-RSH-GC (civil action representing Mobile Monster)

(2) Case No. 26-cv-3058-RSH-GC (bankruptcy appeal representing Nassim Rajaee)

(3) Case No. 26-cv-3060-RSH-GC (bankruptcy appeal representing Nassim Rajaee)

(4) Case No. 26-cv-3162-RSH-AHG (bankruptcy appeal representing Nassim Rajaee)

(5) Case No. 26-cv-3166-RSH-GC (bankruptcy appeal representing Nassim Rajaee)

(6) Case No. 26-cv-3809-RSH-GC (bankruptcy appeal representing Nassim Rajaee)

(7) Case No. 26-cv-4936-RSH-GC (bankruptcy appeal representing Ashkan Rajaee)

(8) Case No. 26-cv-5519-RSH-GC (bankruptcy appeal representing Ashkan Rajaee)

The second, third, fourth, and fifth cases have been dismissed by the Court. Each of these four appeals were filed on the same day by Attorney Shahrouzi on behalf of Nassim Rajaee, and were duplicative of four appeals filed by Ashkan Rajaee pro se on the same day. The sixth case has also been dismissed as duplicative of another appeal filed by Nassim Rajaee.

Attorney Shahrouzi moved to withdraw in the second, third, fourth, fifth, and sixth cases, and the Court granted the motion in each case. Attorney Shahrouzi has recently moved to withdraw in the seventh and eighth cases, and those motions are pending.

The Court has sanctioned Attorney Shahrouzi in the fourth and fifth cases, through a reprimand and/or monetary sanctions, for violations of Fed. R. Bankr. P. 8020 (frivolous appeal), Fed. R. Bankr. P. 9011(b) (claims not warranted by existing law and pursued for improper purpose), and 28 U.S.C. § 1927 (unreasonably multiplying legal proceedings).

*See* Case No. 26-cv-3162, Dkt. No. 21 (Oct. 7, 2026 sanctions order); *id.*, Dkt. No. 16 (Sept. 3, 2026 order finding Attorney Shahrouzi was subject to sanctions); Case No. 26-cv-3166, Dkt. No. 19 (Oct. 7, 2026 sanctions order).

The eight cases in which Attorney Shahrouzi has participated are in addition to the approximately 20 other civil cases or bankruptcy appeals in this Court filed by Ashkan Rajaee on a pro se basis beginning in 2024, each of which reflect a grievance arising from a business dispute between Rajaee and his former business partner.

## II. DISCUSSION

Attorney Shahrouzi's motion to withdraw attaches correspondence in which opposing counsel states, "[i]t appears that you have indicated that you authorized your client (a non-lawyer) to use your ECF credentials to file notices of appeal . . . ." ECF No. 8-1 at 10. If true, this fact, in connection with other portions of the record, is of concern to the Court.

Previously, in Case No. 26-cv-3162, the Court noted that a meritless motion filed by Attorney Shahrouzi was "substantially similar" to two motions that Ashkan Rajaee had filed pro se in other related bankruptcy appeals, which the Court had previously denied. Dkt. No. 13 at 3. Indeed, similar filings made in Attorney Shahrouzi's name in other cases appear to be repetitive of pro se filings by Ashkan Rajaee, and inconsistent with the coherence expected from a licensed attorney and member of the Bar of this Court. In ordering Attorney Shahrouzi to show cause why he should not be sanctioned for filing a motion without adequate justification, the Court directed him to file a declaration "address[ing] whether [he] personally drafted and/or reviewed the motion." *Id.* at 4. Attorney Shahrouzi responded in a declaration that he "reviewed the motion before it was filed, although [he] did not personally originate all of its arguments," and further stated that "[t]he motion was filed electronically under my name." ECF No. 17, at 14. Attorney Shahrouzi's declaration accepted responsibility for error in connection that motion.

The foregoing raises that possibility that documents being e-filed in the name of Attorney Shahrouzi, potentially across all eight cases, are in fact being neither written nor

e-filed by Attorney Shahrouzi or employees of his law firm. In the context of the proliferated proceedings here, and the numerous cases and filings found to be meritless, the Court is concerned by the possibility that Attorney Shahrouzi may not be exercising his professional judgment as a licensed attorney in each instance, but may instead be permitting his law license and e-filing credentials to be co-opted by a client, including with the goal of multiplying the proceedings.

Federal Rule of Civil Procedure 11, and the similarly drafted Federal Rule of Bankruptcy Procedure 9011, provide that an attorney's signature on a document filed with the Court means that the attorney is making certain certifications to the Court, such certifications being made "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." *See* Fed. R. Civ. P. 11(b); Fed. R. Bankr. P. 9011(b). Even apart from the question whether the legal claims in the filing are warranted and factual allegations have due evidentiary support, an attorney who merely allows his name to be used as a rubber stamp for a client's filings fails to conduct the required inquiry and runs afoul of these rules.

Accordingly, Attorney Shahrouzi is directed to answer the following questions in a declaration filed with the Court:

1. Whether, in connection with any of the eight cases listed above, Attorney Shahrouzi has provided his e-filing credentials to someone other than an employee of his law firm, to allow that person to e-file documents on Attorney Shahrouzi's behalf. If so, identify to whom the credentials were provided and in connection with which cases.

2. For every e-filing that was made in Attorney Shahrouzi's name on behalf of a client in any of the eight cases listed above,[1] ***but was not e-filed by Attorney Shahrouzi or***

---

[1] For avoidance of doubt, the filings at issue are:
(1) Case No. 26-cv-80-RSH-GC: Dkt. Nos. 54, 62, 63, 68, 70, 80. 83, 87, 98, 107, 108
(2) Case No. 26-cv-3058-RSH-GC: Dkt. Nos. 2, 3, 4
(3) Case No. 26-cv-3060-RSH-GC: Dkt. Nos. 1 (as to notice of appeal only), 2, 8, 9

***an employee of his law firm***, whether, prior to the e-filing, (a) Attorney Shahrouzi personally read the entirety of that specific document and every one of its attachments and exhibits, and (b) expressly communicated his approval to the person who thereafter e-filed the document.

The Court recognizes that the foregoing will require Attorney Shahrouzi to review his emails, and potentially his attorney time records and telephone logs; and he is ordered to preserve such records pending further order of the Court. Attorney Shahrouzi may provide any additional explanatory information as he sees fit. To the extent he is unable to provide an answer for any specific filing, he shall identify the measures he took to find the requested information and why such efforts were unsuccessful.

The required declaration shall be filed with the Court ***no later than October 23, 2026*** absent an extension granted by the Court.

**IT IS SO ORDERED.**

Dated: October 9, 2026

Hon. Robert S. Huie
United States District Judge

---

(4) Case No. 26-cv-3162-RSH-AHG: Dkt. Nos. 1 (as to notice of appeal only), 2, 6, 9
(5) Case No. 26-cv-3166-RSH-GC: Dkt. Nos. 1 (as to notice of appeal only), 3, 6, 9
(6) Case No. 26-cv-3809-RSH-GC: Dkt. No. 1 (as to notice of appeal only)
(7) Case No. 26-cv-4936-RSH-GC: Dkt. No. 1 (as to notice of appeal only)
(8) Case No. 26-cv-5519-RSH-GC: Dkt. No. 1 (as to notice of appeal only)